IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EGO EXPRESS, INC.,**

*Plaintiff*,

v.

**D&D GROUP CORP., et al.,**

*Defendants*.

Civil No. 1:23-cv-001179-JRR

## MEMORANDUM OPINION

This matter comes before the court on Defendant D&D Group Corporation's Notice of Removal (ECF No. 1) and Plaintiff Ego Express's Motion to Transfer and Remand Pursuant to 28 U.S.C. § 1404(a).  (ECF No. 12; the "Motion.")  The court has reviewed all submissions.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2021).  For the reasons set forth below, the court will issue an accompanying order remanding this action to the Circuit Court of Cook County, Illinois Municipal Department, Third District.

### BACKGROUND[1]

This case arises out of a contract dispute between Ego Express and D&D Group.  Between August 22 and October 24, 2022, D&D Group entered into four contracts to rent four Ego Express freight trucks.  *Id.*  When D&D Group failed to make rental payments, Ego Express filed on February 1, 2023, in the Circuit Court of Cook County, Illinois, alleging $22,160 in breach of contract damages.

---

[1] For purposes of this memorandum, the court accepts as true the allegations in the Verified Complaint for Breach of Contract at ECF No. 6; hereafter the "Complaint."

On May 4, 2023, D&D Group filed a Notice of Removal from the Circuit Court of Cook County, Illinois, to the United States District Court for the District of Maryland. (ECF No. 1.) In the Notice of Removal, D&D Group alleges that removal was proper under 28 U.S.C. § 1441(a), that this court has original jurisdiction under 28 U.S.C. § 1332, and that venue is proper under 28 U.S.C. § 1391. *Id.* Ego Express subsequently filed the instant Motion, which D&D Group opposes. (ECF Nos. 12, 14.)

## LEGAL STANDARD

**28 U.S.C. § 1441(a)**

Pursuant to 28 U.S.C. § 1441(a), defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal jurisdiction is strictly construed and the burden of demonstrating the propriety of removal is on the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court." *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012).

## ANALYSIS

Ego Express argues that "[r]emoval to the District of Maryland was an [i]mproper [c]hange of [v]enue" under 28 U.S.C. § 1441(a). (ECF No. 6.) The court agrees.

"There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state court action is pending." *Hoover v. Gershman Inv. Corp.,* 774 F. Supp. 60, 63 (D. Mass. 1991). If a defendant removes a case to an improper district, "[d]istrict courts can and should police the situation" and

remand the case back to the appropriate state court. *Addison v. N.C. Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994); *see also Americredit Fin. Serv., Inc. v. Pinnex*, No. 5-19-cv-00213-JMC, 2019 WL 4593579, at *2 (D.S.C. Sept. 23, 2019) (remanding case from federal district court in South Carolina to North Carolina state court, because the Eastern District of North Carolina "[was] the only appropriate district for removal of [the] action" under 28 U.S.C. § 1441).

Here, D&D Group has incorrectly justified removal of this case with a truncated reading of section 1441. While D&D Group is correct that defendants may remove an action "brought in a State court of which the district courts of the United States have original jurisdiction," it disregards the subsequent, unambiguous language allowing removal only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because D&D Group filed this action originally in the Circuit Court of Cook County, Illinois, D&D Group may only remove this case to the U.S. District Court for the Northern District of Illinois. Accordingly, this court will remand this case back to the Circuit Court of Cook County, Illinois.

Ego Express also argues that removal is both untimely and "defective since the stated amount at controversy is less than $75,000," pursuant to 28 U.S.C. § 1332(a); and that the mandatory forum selection clauses in the parties' rental contracts and "other substantive factors" under 28 U.S.C. § 1404(a) dictate adjudication in Illinois. (ECF No. 12.) Because the court will remand the case to Cook County, it declines to address these remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff Ego Express's Motion to Remand will be **GRANTED**. This case shall be closed and remanded to the Circuit Court of Cook County, Illinois Municipal

3

Department, Third District.  This court will issue an accompanying order in accordance with this memorandum opinion.

/s/

Julie R. Rubin
United States District Judge

June 22, 2023